UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALT BRANDING, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>SALT, LLC, a California Limited Liability Company,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES**<br><br>**JURY DEMAND REQUESTED** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

Plaintiff, Salt Branding, LLC ("Plaintiff"), by its attorneys, hereby complains against Salt, LLC ("Defendant") as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Salt Branding, LLC, is a California Limited Liability Company with its principal place of business at 1265 Battery Street, Levi's Plaza, San Francisco, California, 94111.

2. Defendant, Salt, LLC, upon information and belief, is a California Limited Liability Company with its principal place of business at 9469 Jefferson Boulevard, Suite 117, Culver City, CA 90232.

3. This Court's jurisdiction arises: (a) from the fact that this is an action brought under the Trademark Laws of the United States, 15 U.S.C. §§1051-1129, jurisdiction conferred by 15 U.S.C. §§1121 and 28 U.S.C. §§1331 and 1338; and (b) by virtue of the fact that certain

claims are joined with substantial and related claims under the Trademark Laws of the United States, §§1051 – 1129, jurisdiction conferred by 28 U.S.C. §§1338(b) and 1367. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## BACKGROUND AND COMMON ALLEGATIONS

4. Beginning in 2000, Plaintiff began using the SALT® and SALT BRANDING® names to identify its branding, advertising, marketing, design and creative services.

5. Over the past twelve years, Plaintiff has registered the SALT® and SALT BRANDING® trademarks[1] (the "SALT® Trademarks") in association with such services with the United States Patent and Trademark Office. Plaintiff has also registered the SALT® trademark in Canada, China, Japan, Hong Kong, Russia, and Singapore, and filed for protection of the SALT® mark in Brazil and The Bahamas. Further, Plaintiff has registered the SALT BRANDING® trademark with the Community Trademark Office in Europe. True and accurate copies of Plaintiff's United States registrations are attached hereto as Group Exhibit A.

6. Plaintiff's United States trademark registrations Nos. 2,596,052 and 2,671,901 identify the following services:

Class 35: Advertising and business consulting services, namely, marketing consultation; creation and management of brand names for others; brand name architecture development and implementation services for others; corporate identity and logo development; naming and branding of products and services for others; market research services; development and implementation of marketing strategies for others; brand positioning and product promotion services for others.

---

[1] United States Patent and Trademark Office Registration Nos. 2,596,052; 2,671,901; 4,291,377; 4,291,378

2

Class 42: Computer services namely, designing, developing and creating stationery, collateral, packaging, retail space and websites for others on a global computer network.

7. Plaintiff's United States trademark registrations Nos. 4,291,377 and 4,291,378 identify the following services:

Class 35: Advertising and business consulting services, namely, marketing consultation; creation and management of brand names for others; brand name architecture, development and implementation services for others; corporate and brand identity services for others; naming and branding of products and services for others; market research services for others; development and implementation of marketing strategies for others; brand positioning and product promotion services for others; brand strategy for others; brand evaluation services, namely, product category analysis for others and brand value proposition development for others; brand transition and launch strategies for others; brand research and measurement for others; brand concept services in the nature of brand voice services for others; business consultation and marketing services, namely, URL strategy and acquisition services for others; brand messaging services for others; providing advertising services using 3D and animation designs, namely, design of visual language systems for the marketing purposes of others; design of collateral advertising media for others; retail and environmental advertising design for others; creation and implementation of brand guidelines and tools for others;

design and implementation of brand launches for others; brand advertising for others; design and implementation of social media advertising strategy for others; customer relationship management consultation services, namely, creation and implementation of relationship programs for others; creation of advertising materials for others, namely, design of displays, booths, panels, signs, and other marketing materials for trade shows and other events; advertising services, namely, creation and implementation of brand culture strategy for others; creation and implementation of internal marketing and recruitment campaigns for others; advertising services, namely, design of promotional material for others via a global computer network; design of digital marketing, advertising, and branding strategies and campaigns for others; creation of brand videos and animation for others for advertising and marketing purposes; advertising copy writing services for others.

Class 42: Computer services, namely, designing and developing stationery, packaging, retail space, and websites on a global computer network for others; design of websites, social media pages, and software user interfaces for others; design and implementation of website strategy for others, namely, consulting in the fields of website design and development for others; design of website architecture for others; design of blogs, microsites, extranet sites, intranet sites, mobile applications, and social media sites and applications for others; coding and development of blogs, websites, microsites, extranet sites, intranet sites, mobile applications, and social media sites and applications for others; design and implementation of computer software for brand asset management for

others; design of brand packaging for others; computer software design services, namely, design of product user interfaces for others.

8. Over the past twelve years, Plaintiff has continuously used the SALT® and SALT BRANDING® marks as international source identifiers for its branding, advertising, marketing, design and creative services, including use of such marks in connection with brand video creation and production services. Further, Plaintiff has spent substantial sums in advertising, promoting and policing unauthorized third party use of the SALT® and SALT BRANDING® marks.

9. Since on or about their respective dates of registration, Plaintiff has given notice that its marks are registered with the U.S. Patent and Trademark Office by displaying with the marks as used the letter R enclosed within a circle.

10. On information and belief, Defendant began using the mark SALT, the name SALT LLC and the website www.saltaddsflavor.com on or before July of 2011.

11. Plaintiff became aware of Defendant's unauthorized and infringing use of the SALT® name and trademark in July 2011 when a Senior Procurement Manager for Microsoft mistakenly sent to Defendant a Request for Proposal that was intended for Plaintiff. Having received no response to an email directed to Defendant's www.saltaddsflavor.com url extension, the Microsoft Procurement Manager emailed an employee of Plaintiff on July 14, 2011 to request that the Request for Proposal be forwarded to the appropriate person for handling. True and accurate copies of Microsoft's emails are attached hereto as Exhibit B. Plaintiff's review of the www.saltaddsflavor.com url (currently redirecting to www.houseofsalt.com) revealed Defendant's unauthorized and infringing use of the SALT® trademark in connection with an array of branding, advertising, design and creative services.

12. In response, Plaintiff, through its attorneys, prepared and sent to Mr. Eric Fulford of Salt, LLC correspondence dated July 29, 2011 (attached hereto as Exhibit C) requesting that Salt, LLC immediately cease and desist its unauthorized use of the Salt, LLC company name and SALT® trademark, and www.saltaddsflavor.com url.

13. Protracted settlement negotiations between Plaintiff and Defendant and/or Defendant's counsel thereafter ensued from August 30, 2011 through to present, without resolution.

14. On or about March 18, 2013, Defendant's attorney inquired of Plaintiff's attorney whether Plaintiff would be willing to accept a change of Defendant's mark to HOUSE OF SALT.

15. Plaintiff's attorney advised Defendant's attorney on the same date that Plaintiff would not agree to Defendant's adoption of the HOUSE OF SALT mark.

16. On March 29, 2013, Defendant filed United States Trademark Application Serial No. 85-890,264 for HOUSE OF SALT, claiming "Video post production and video production services namely, shooting video for commercials, films, visual effects and other elements for the purposes of branding, marketing and advertising; film or video editing for commercials, films, network promos, corporate videos; design and creation of 2d and 3d animation for commercials, films or other elements used for the purposes of branding, marketing and advertising; design concept frames and storyboards for commercials, films, network promos, corporate videos; consulting, strategizing designing and creating video elements in connection with rebranding for networks; visual effects set supervision." A true and accurate copy of the United States Patent and Trademark Office's current status sheet for Application Serial No. 85-890,264 is attached hereto as Exhibit D.

17. On March 29, 2013, Defendant filed United States Trademark Application Serial No. 85-890,290 for HOS, claiming the same services as in its HOUSE OF SALT application. A true and accurate copy of the United States Patent and Trademark Office's current status sheet for Application Serial No. 85-890,290 is attached hereto as Exhibit E.

18. On May 30, 2013, Plaintiff filed with the United States Patent and Trademark Office a Letter of Protest against Trademark Application Serial No. 85-890,264, alleging likelihood of confusion between HOUSE OF SALT and the SALT® Trademarks.

19. On July 11, 2013, the United States Patent and Trademark Office issued an Office Action refusing Defendant's application for HOUSE OF SALT, citing the prior registrations of the SALT® Trademarks and the likelihood of confusion between HOUSE OF SALT and the SALT® Trademarks, noting that the marks share the identical, dominant and arbitrary word SALT® and that the services provided by Plaintiff and Defendant are also identical or highly related. A true and accurate copy of said July 11, 2013 Office Action is attached hereto as Exhibit F.

20. On January 8, 2014, Defendant expressly abandoned Trademark Application Serial No. 85-890,264 for HOUSE OF SALT.

21. On January 8, 2014, Defendant expressly abandoned Trademark Application Serial No. 85-890,290 for HOS.

22. On information and belief, Defendant continues its unauthorized and infringing use of the SALT, HOUSE OF SALT and HOS trademarks, as well as the www.saltaddsflavor.com and www.houseofsalt.com urls, in connection with the provision of an array of branding, advertising, design and creative services.

23. On January 10, 2014, Plaintiff's attorney requested Defendant's attorney to confirm no later than January 20, 2014 that Defendant was willing to enter into a written agreement regarding transition within a period of three months to a new name and mark not including the SALT term.

24. In the absence of any further communications from Defendant or its attorney, Plaintiff, through its attorney, seeks resolution of this matter through this pleading.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN

25. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 24 as though fully set forth herein.

26. The SALT, HOUSE OF SALT and HOS marks and www.saltaddsflavor.com and www.houseofsalt.com urls are identical and/or confusingly similar to the SALT Trademarks in appearance, sound, meaning and/or commercial impression.

27. Defendant's services are the same as and/or related to Plaintiff's services.

28. Both Plaintiff and Defendant offer their services through the same channels of trade, including the internet.

29. Plaintiff has given notice of its registrations, applications and claimed trademark rights pursuant to section 29 of the Lanham Act, 15 USC §1111. On information and belief, Defendant continues to use the SALT, HOUSE OF SALT and HOS marks and www.saltaddsflavor.com and www.houseofsalt.com urls despite Plaintiff's notice and objections.

30. Defendant's continued use of the SALT, HOUSE OF SALT and HOS marks and www.saltaddsflavor.com and www.houseofsalt.com urls will injure Plaintiff by causing a likelihood that consumers will be confused or mistaken into believing that the services provided by Defendant are associated with, provided by, endorsed by or sponsored by Plaintiff.

31. Plaintiff has no control over the nature and quality of services offered by Defendant under the SALT, HOUSE OF SALT and/or HOS marks and the www.saltaddsflavor.com and www.houseofsalt.com urls, and Plaintiff's reputation and goodwill will be damaged by Defendant's continued use of these marks and urls.

32. As a result of its unauthorized use of the SALT, HOUSE OF SALT and HOS marks and the www.saltaddsflavor.com and www.houseofsalt.com urls in connection with its array of branding, advertising, design and creative services, Defendant is likely to cause confusion or mistake or to deceive the public, in violation of the Trademark Laws of the United States, 15 U.S.C. §1114.

33. As a result of its unauthorized use of the SALT, HOUSE OF SALT and HOS marks and the www.saltaddsflavor.com and www.houseofsalt.com urls in connection with its array of branding, advertising, design and creative services, Defendant is likely to mislead the public as to the affiliation, connection, or association of Defendant or Defendant's services with Plaintiff or Plaintiff's services, or as to the origin, sponsorship or approval of Defendant's services by Plaintiff, causing members of the public to rely thereon, in violation of the Lanham Act, 15 U.S.C. §1125(a).

34. Defendant's acts were undertaken in bad faith and in a deliberate, willful and fraudulent manner and constitute a knowing use of Plaintiff's SALT® Trademarks in an attempt to capitalize on the goodwill and reputation of Plaintiff and Plaintiff's SALT® Trademarks, and

to mislead the public into believing that there is a connection, affiliation, or association between Defendant or its services and Plaintiff and its services. Defendant's conduct therefore is an exceptional case within the meaning of the Lanham Act Section 35, 15 USC §1117. Plaintiff is thereby entitled to recover three times the amount of its actual damages and attorneys' fees and costs incurred in this action.

35. By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and has sustained and will sustain loss of revenues and profits in an amount to be proven at trial.

36. Unless enjoined by this Court, Defendant will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT II
## STATE AND COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

37. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 24 as though full set forth herein.

38. As a result of its unauthorized use of the SALT, HOUSE OF SALT and HOS marks and the www.saltaddsflavor.com and www.houseofsalt.com urls in connection with its array of branding, advertising, design and creative services, Defendant is likely to cause confusion or to cause mistake or to deceive the public, consequently infringing Plaintiff's exclusive rights in the SALT® Trademarks in violation of the statutory and common law of various States, including the State of California.

39. By their acts alleged herein, Defendant has engaged in unfair competition under the common and statutory law of the State of California, California Business and Professions Code § 17200 et seq. .

40. Defendant's acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff and Plaintiff's SALT® Trademarks, and to mislead the public into believing that there is a connection, affiliation or association between Defendant or its services and Plaintiff or its services.

41. By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

42. Unless enjoined by this Court, Defendant will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff, for which Plaintiff has no adequate remedy at law.

43. Defendant actions are deliberate, willful and in reckless disregard of Plaintiff's trademark rights, entitling Plaintiff to the recovery of punitive damages.

WHEREFORE, Plaintiff prays for a judgment:

1. Permanently enjoining and restraining Defendant, its officers, agents, employees, representatives, and all others acting in concert or participation with any of them from:

    a. Using the terms SALT, HOUSE OF SALT or HOS, or any other visual representation or colorable imitation of the SALT® Trademarks, or any other designation that is confusingly similar to the SALT® Trademarks, including, but not limited to the infringing uses and url

registrations cited herein, in any manner which is likely to cause confusion, deception or mistake on or in connection with the manufacturing, advertising, distributing, offering for sale or selling of any product or service not Plaintiff's, or not authorized by Plaintiff;

b. Passing off, inducing or enabling others to sell or pass off, any products or services which are not Plaintiff's or are not produced or provided under the control and supervision of Plaintiff and approved by Plaintiff for sale under the SALT® Trademarks;

c. Committing any acts calculated to cause the public to believe that the infringing products or services are those sold and marketed under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or provided under the control and supervision of Plaintiff;

d. Further diluting and infringing the SALT® Trademarks, and damaging Plaintiff's goodwill;

e. Otherwise competing unfairly with Plaintiff in any manner;

f. Conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above; and

g. Doing any other act or thing likely to induce the belief that Defendant's business or services are in any way connected with Plaintiff's business or services, or are sponsored or approved by Plaintiff.

2. That this Court enter a judgment finding that Defendant has infringed, and willfully infringed, the SALT® Trademarks.

3. That this Court enter a judgment finding that Defendant's use of the SALT, HOUSE OF SALT and HOS trademarks and the www.saltaddsflavor.com and www.houseofsalt.com urls has caused and/or is likely to cause confusion among the general public as to the source of origin of the infringing goods and/or services.

4. Directing Defendant to:

    a. Account for and pay over to Plaintiff all profits derived by Defendant from its acts complained of herein, together with prejudgment interest;

    b. Pay to Plaintiff all the damages Plaintiff has suffered as a result of the acts of Defendant complained herein, including an assessment of trebled actual damages, together with prejudgment interest;

    c. Pay to Plaintiff its attorneys' fees and costs in this action;

    d. Pay to Plaintiff statutory damages, if plaintiff elects before final judgment is rendered, to recover an award for statutory damages instead of actual damages and profits, as provided in 15 U.S.C. §1117(c);

    e. File with this Court and serve on Plaintiff's counsel, within 28 days after entry of an injunction issued by this Court, a sworn statement as provided in 15 U.S.C. §1116.

5.     Awarding Plaintiff such further relief as this Court deems just and equitable.

## JURY DEMAND

Salt Branding, LLC requests a trial by jury of any issue in this action triable by right before a jury.

Dated: _____, 2014     By:     VANEK, VICKERS & MASINI, P.C.

/s Angela C. Wilcox

Angela C. Wilcox
VANEK, VICKERS & MASINI, P.C.
55 W. Monroe, Suite 3500
Chicago, Illinois 60603
Telephone: 312-224-1500
Facsimile: 312-224-1510
E-Mail: awilcox@vaneklaw.com

Counsel for Plaintiff
